UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY CORBETT,

    Plaintiff,

  v.

KALAMAZOO VALLEY COMMUNITY
COLLEGE,

    Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

## COMPLAINT

Plaintiff Tracey Corbett alleges the following for her complaint against Defendant Kalamazoo Valley Community College.

### NATURE OF THE CASE

1. This is an employment case about disability discrimination, the failure to accommodate an employee's disability, and retaliation.

2. Plaintiff Tracey Corbett worked for Defendant Kalamazoo Valley Community College as a student employment relations liaison where she had previously performed her job 100% remotely for long stretches of time (sometimes for more than a year). The college then later instituted a policy which mandated that all employees had to return to work in person without exception.

3. Corbett has a disability (multiple sclerosis and functional bladder disorder) for which she requested that the college allow her to work a flexible schedule where she could work from home sometimes and work in person other times.

4. Even though Corbett had worked 100% remotely and performed her job remotely without incident, the college denied Corbett's request for a reasonable accommodation and simply defaulted to its new policy that all employees had to perform 100% of their work in person without exception.

5. Then, a few weeks after her request, the college terminated Corbett's employment and claimed that it had to eliminate her position after "carefully analyzing its needs."

6. Corbett submitted a Freedom of Information Act (FOIA) request to the college for any documents or information supporting the claimed need to eliminate her position. The college produced zero documents—*not one*—supporting the supposed "careful analysis" it said it had performed in order to eliminate her position (which appears to be a rather obvious pretext to fire her).

7. Due to the college's discrimination, retaliation, and its refusal to accommodate Corbett's disability, Corbett has suffered damages that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

**PARTIES, JURISDICTION, AND VENUE**

8. Plaintiff Tracey Corbett is an individual person who resides in Kalamazoo County, Michigan.

9. Defendant Kalamazoo Valley Community College is a public community college established under the laws of the State of Michigan. The college operates in Kalamazoo County, Michigan.

10. The Court has personal jurisdiction over the college under Michigan Compiled

Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

11. The Court has original subject matter jurisdiction over the claims asserted in the complaint under the Americans with Disabilities Act of 1990 in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law. The ADA also independently provides for subject matter jurisdiction in the United States Courts. 42 U.S.C. § 2000e–5(f)(3); 42 U.S.C. § 12117(a).

12. The Court has supplemental jurisdiction over the state law claims asserted in the complaint under Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

13. Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

14. Plaintiff Tracey Corbett worked for Defendant Kalamazoo Valley Community College from June 2014 until June 30, 2022. She last worked for the college as a student employment relations liaison.

15. From approximately March 2020 until August 2020, Corbett worked remotely 100% of the time. She also worked remotely periodically on a rotation system for several months after August 2020. Corbett performed her job well and without incident when working remotely and when she worked in person.

16. Corbett suffers from a disability (multiple sclerosis and functional bladder disorder). Her conditions significantly affect her ability to care for herself, perform manual tasks, walk, stand, lift, bend, concentrate, think, communicate, and work, and her conditions also impair the functions of her digestive, bowel, and bladder systems.

17. Corbett could perform the essential functions of her job for the college, with or without a reasonable accommodation, and she did so performing her job to the satisfaction of the college at all times.

18. In March 2022, Corbett requested that the college make a reasonable accommodation for her disability to allow her to work a flexible schedule where she could work from home sometimes and work in person other times. Corbett's functional bladder disorder caused her great difficulty using the bathroom away from her home and, because of her multiple sclerosis, she was also at an increased risk for infections when working in person.

19. Corbett made her request for a reasonable accommodation in writing and supported by the written recommendations of her physicians.

20. All of Corbett's job functions as a student employment relations liaison could be performed remotely.

21. Working a flexible schedule where she could work from home sometimes as a student employment relations liaison was an eminently reasonable accommodation given that Corbett previously performed 100% of the job remotely—and she performed her job well when working remotely.

22. The college, however, refused to seriously consider Corbett's accommodation request and defaulted to its policy that all employees had to perform 100% of their work in person without exception.

23. The college then fired Corbett a few weeks after her request for a reasonable accommodation and told her that her student employment relations position had been "eliminated effective June 30, 2022."

24. The college also told Corbett that it had "been carefully analyzing its needs for the

upcoming fiscal year" and the college "determined that the student employment relations liaison position is no longer necessary for our institution."

25. Corbett submitted a FOIA request to the college for all of the documents supporting the supposed "careful analysis" that occurred in connection with the college's decision to eliminate her position. The college did not produce a single document in response to the FOIA request regarding the college's decision to eliminate her position.

26. Corbett filed a charge of discrimination against the college with the United States Equal Employment Opportunity Commission and she has otherwise satisfied all administrative prerequisites to filing her causes of action.

## COUNT 1
### DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

27. Corbett repeats and incorporates all the previous allegations in her complaint.

28. Corbett has a disability within the meaning of the Americans with Disabilities Act. The college also regarded Corbett as having a disability and Corbett had a history of having a disability.

29. Corbett was a qualified individual able to perform the essential functions of the job she performed for the college.

30. Corbett requested a reasonable accommodation for her disability.

31. The college discriminated against Corbett, terminated her employment, and treated her differently (much worse) than non-disabled employees because of Corbett's disability, history of a disability, and because the college regarded her as disabled.

32. The college took these adverse employment actions against Corbett because of her disability, her history of a disability, and the fact that the college regarded her as disabled.

33. Corbett suffered damages because of the college's discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 2
### DISABILITY DISCRIMINATION IN VIOLATION OF
### MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

34. Corbett repeats and incorporates all the previous allegations in her complaint.

35. Corbett has a disability within the meaning of Michigan's Persons with Disabilities Civil Rights Act that was unrelated to her ability to perform the duties of a her job with the college. The college also regarded Corbett as having a disability and Corbett had a history of having a disability.

36. Corbett was a qualified individual able to perform the essential functions of the job she performed for the college.

37. Corbett requested a reasonable accommodation for her disability.

38. The college discriminated against Corbett, terminated her employment, and treated her differently (much worse) than non-disabled employees because of Corbett's disability, history of a disability, and because the college regarded her as disabled.

39. Corbett's disability, history of a disability, and the fact that the college regarded her as disabled was one of the motives or reasons which made a difference in the college's decision to take these adverse employment actions against Corbett.

40. Corbett suffered damages because of the college's discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 3
### FAILURE TO ACCOMMODATE IN VIOLATION
### OF THE AMERICANS WITH DISABILITIES ACT

41. Corbett repeats and incorporates all the previous allegations in her complaint

42. Corbett has a disability within the meaning of the Americans with Disabilities Act. The college also regarded Corbett as having a disability and Corbett had a history of having a disability.

43. Corbett was a qualified individual able to perform the essential functions of the job she performed for the college.

44. Corbett requested a reasonable accommodation from the college that she be allowed to work a flexible schedule where she could work from home sometimes and work in person other times.

45. Corbett could have performed the essential functions of the job with a reasonable accommodation.

46. Permitting Corbett to work a flexible schedule where she could work from home sometimes and work in person other times was a reasonable accommodation and would have posed no hardship to the college as the college previously allowed Corbett to work remotely. The college also allows other employees to work remotely sometimes.

47. But the college later refused to allow Corbett to work remotely and unreasonably failed to provide any other accommodation that would have allowed her to safely perform her job.

48. Corbett suffered damages because of the college's failure to accommodate her disability that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

### COUNT 4
#### FAILURE TO ACCOMMODATE IN VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

49. Corbett repeats and incorporates all the previous allegations in her complaint

50. Corbett has a disability within the meaning of Michigan's Persons with Disabili-

ties Civil Rights Act that was unrelated to her ability to perform the duties of a her job with the college. The college also regarded Corbett as having a disability and Corbett had a history of having a disability.

51. Corbett requested a reasonable accommodation from the college that she be allowed to work a flexible schedule where she could work from home sometimes and work in person other times. Corbett made this request in writing.

52. Corbett could have performed the essential functions of the job with a reasonable accommodation.

53. Permitting Corbett to work a flexible schedule where she could work from home from time to time and work in person sometimes was a reasonable accommodation and would have posed no hardship to the college as the college previously allowed Corbett to work remotely. The college also allows other employees to work remotely sometimes.

54. But the college later refused to allow Corbett to work remotely and unreasonably failed to provide any other accommodation that would have allowed her to safely perform her job.

55. Corbett suffered damages because of the college's failure to accommodate her disability that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 5
### RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

56. Corbett repeats and incorporates all the previous allegations in her complaint

57. Corbett has a disability within the meaning of the Americans with Disabilities Act. Defendant also regarded Corbett as having a disability and Corbett had a history of having a disability.

58. Corbett requested that Defendant provide her with a reasonable accommodation for her disability.

59. Defendant terminated Corbett's employment.

60. Defendant terminated Corbett's employment because of her protected activity in requesting a reasonable accommodation for her disability.

61. Defendant retaliated against Corbett because of her protected activities and there was a causal connection between Corbett's protected activities and the adverse employment actions Defendant took against her.

62. Corbett suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 6
### RETALIATION IN VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

63. Corbett repeats and incorporates all the previous allegations in her complaint.

64. Corbett has a disability within the meaning of Michigan's Persons with Disabilities Civil Rights Act that was unrelated to her ability to perform the duties of a her job with Defendant. Defendant also regarded Corbett as having a disability and Corbett had a history of having a disability.

65. Corbett requested that Defendant provide her with a reasonable accommodation for her disability.

66. Defendant terminated Corbett's employment.

67. Defendant terminated Corbett's employment because of her protected activity in requesting a reasonable accommodation for her disability.

68. Defendant retaliated against Corbett because of her protected activities and there

was a causal connection between Corbett's protected activities and the adverse employment actions Defendant took against her.

69. Corbett suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## JURY DEMAND

70. Corbett demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

71. Plaintiff Tracey Corbett requests that the Court enter a judgment in her favor and against Defendant Kalamazoo Valley Community College in an amount that will fully and fairly compensate her for all of her damages, losses, expenses, back wages, emotional distress, attorney's fees, litigation costs, and interest.

72. Corbett also requests that the court grant her any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

TRACEY CORBETT

Dated:  January 6, 2023   By:   /s/  Mark S. Wilkinson

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com